UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDOLPH B. FRANCIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09-cv-01826 (VLB) |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER, | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
|     Defendant. | : | February 1, 2011 |

**RULING ON OBJECTION TO RECOMMENDED RULING
DENYING PLAINTIFF'S MOTION TO REVERSE AND GRANTING
DEFENDANT'S MOTION TO AFFIRM [Docs. #12, 15, 17]**

The plaintiff, Randolph B. Francis, filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying his applications for a period of disability, disability insurance benefits, and supplemental security income. The plaintiff filed a motion to reverse the Commissioner's decision [Doc. #12], and the Commissioner filed a motion to affirm [Doc. #15]. The case was referred to Magistrate Judge Thomas P. Smith for a recommended ruling on those motions. On August 30, 2010, Judge Smith recommended that the plaintiff's motion to reverse be denied and the Commissioner's motion to affirm be granted. Francis v. Astrue, Docket No. 3:09-cv-1826 (VLB) (TPS), 2010 WL 3432839 (D. Conn. Aug. 30, 2010). [Doc. #17] The plaintiff then filed objections to the

recommended ruling.  [Docs. #18, 21]  For the reasons set forth below, the plaintiff's objections are overruled, and the Court adopts the recommended ruling denying the plaintiff's motion to reverse and granting the Commissioner's motion to affirm.

## I. STANDARD OF REVIEW

Following the denial of a disability insurance claim, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  See also 42 U.S.C. § 1383(c)(3) (prescribing same judicial review for denials of supplemental security income claims).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . .  Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008).  "Even where the administrative record may also adequately support contrary findings on particular issues, the . . . factual findings [of the Administrative Law Judge (ALJ)] must be given conclusive effect so long as they are supported by substantial evidence."  Genier

v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982)).

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C); DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009).

## II. DISCUSSION

The Court presumes familiarity with the magistrate judge's recommended ruling and therefore focuses on the plaintiff's objections. The plaintiff argues that the magistrate judge improperly reviewed the ALJ's findings as to (1) the medical evidence, (2) the combination of the plaintiff's impairments, and (3) the plaintiff's credibility.

### A. Evaluation of the Medical Evidence

The plaintiff first objects that the magistrate judge did not properly apply the treating physician rule to the medical evidence when he reviewed the ALJ's decision. The treating physician rule generally directs the ALJ to "give more weight to opinions from [the plaintiff's] treating sources . . . . If [the ALJ] find[s] that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ] will give it controlling

3

weight. When [the ALJ does] not give the treating source's opinion controlling weight, [the ALJ considers several] factors . . . in determining the weight to give the opinion." 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2). Those factors are (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) whether the opinion is supported by relevant evidence such as medical signs and laboratory findings, (4) whether the opinion is consistent with the entire record, (5) whether the treating source is a specialist in the relevant area, and (6) any other factors that support or contradict the opinion. §§ 404.1527(d)(2)(i) through (d)(6) & 416.927(d)(2)(i) through (d)(6).

The magistrate judge determined that the ALJ had properly considered the medical records, giving significant weight to the opinions of the plaintiff's treating and examining physicians, Dr. Stephen O'Brien, Dr. Steven Kessler, and Dr. Yunus Pothiawala. The ALJ gave little weight to the opinion of Mara Reilly, a licensed marriage and family therapist, because a therapist is not an "acceptable medical source" pursuant to 20 C.F.R. §§ 404.1513(d)(1) & 416.913(d)(1), and her opinion was inconsistent with those of the treating and examining physicians. Francis, 2010 WL 3432839 at *3-*4. [Doc. #17, pp. 7-9] The ALJ relied on the physicians' opinions in finding that the plaintiff was able to work with certain limitations despite his severe impairment of major depressive disorder. Id. at *1. [Doc. #17, p. 3]

The plaintiff contends that (1) a portion of Dr. O'Brien's report was

4

favorable to his claim of disability and (2) Reilly's opinion was consistent with Dr. Kessler's opinion and with a portion of Dr. Pothiawala's report. In making those arguments, however, the plaintiff is asking the Court to focus on evidence that is favorable to his claim of disability and to ignore evidence that is unfavorable to his claim of disability without explaining why the unfavorable evidence should be discounted. The magistrate judge recognized that the weight of the evidence tended to be unfavorable to the plaintiff. Dr. O'Brien and Dr. Pothiawala, the plaintiff's treating and examining physicians, reported that he had greater functional abilities than were indicated by Reilly, his therapist. Two medical consultants, Dr. Chang-Wuk Kang and Dr. Keven Murphy, provided opinions similar to those of Dr. O'Brien and Dr. Pothiawala. Although another treating physician, Dr. Kessler, did not rate the plaintiff's abilities over approximately three months of treatment, Dr. Kessler's records do not indicate that the plaintiff had the high degree of functional limitation assessed by Reilly. Reilly's opinion was therefore inconsistent with those of the treating, examining, and consulting physicians.

The Court concludes that the magistrate judge properly applied the treating physician rule when he reviewed the ALJ's decision. The ALJ relied on substantial evidence provided by the plaintiff's treating and examining physicians. The plaintiff's first objection is accordingly overruled.

## B. The Plaintiff's Combination of Impairments

The plaintiff next objects that the magistrate judge improperly endorsed the

ALJ's consideration of the plaintiff's combination of impairments. "[T]he combined effect of a claimant's impairments must be considered in determining disability; the [Commissioner] must evaluate their combined impact on a claimant's ability to work, regardless of whether every impairment is severe." Burgin v. Astrue, 348 Fed. Appx. 646, 647 (2d Cir. 2009).

The magistrate judge acknowledged that the ALJ devoted little discussion to the combined effect of the plaintiff's impairments. That discussion consisted of statements that the ALJ had considered all of the plaintiff's symptoms and that he did not have a combination of impairments that met or medically equaled any of the listed impairments. Despite the few references relating to the combined effect of the plaintiff's impairments, the magistrate judge was satisfied that the ALJ properly considered the combination and did not isolate the impairments from each other. Francis, 2010 WL 3432839 at *4. [Doc. #17, pp. 9-10]

The plaintiff contends that the ALJ should have discussed how his severe impairment of major depressive disorder was exacerbated by his non-severe impairments of thoracic compression fracture, degenerative disk disease of the cervical spine, angina, shoulder problems, and a ventral hernia. The plaintiff relies heavily on Small v. Astrue, Docket No. 3:08-cv-169 (AWT) (DFM), slip op. at 27-28 (D. Conn. Sept. 4, 2009). In that case, the court determined that the ALJ had erred in failing to consider evidence from treating physicians and medical consultants showing a relationship between the claimant's physical and mental conditions. Id. at 28. The plaintiff also cites Parker v. Astrue, 597 F.3d 920 (7th

6

Cir. 2010), in which the court ruled that the ALJ should have discussed the effect of asthma and incontinence on the claimant's chronic pelvic pain. The Parker court explained that "[d]ifficulty in breathing and abnormal frequency of urination requiring constant trips to the bathroom are likely to place great strain on a person who is in constant pain and cannot walk without the aid of a cane . . . ." Id. at 923.

The present case is distinguishable from Small and Parker because there is a lack of evidence that the plaintiff's non-severe impairments affect his major depressive disorder. Not only does the plaintiff fail to cite anything in the record showing a relationship between his physical and mental conditions, but he also does not even attempt to argue how such a relationship could be inferred in this case. The Court concludes that the ALJ did not err in failing to devote greater discussion to the plaintiff's combination of impairments. The plaintiff's second objection is overruled.

### C. The Plaintiff's Credibility

The plaintiff's last objection is that the magistrate judge improperly determined that the ALJ sufficiently assessed the plaintiff's credibility. The ALJ is entrusted with credibility assessments because the ALJ has the opportunity to observe the claimant's demeanor. Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 642 (2d Cir. 1983). As to the credibility of the claimant's complaints of symptoms, the ALJ first determines whether the claimant suffers from an underlying medical impairment that could reasonably be expected to cause the

alleged symptoms. 20 C.F.R. §§ 404.1529(b) & 416.929(b). If so, the ALJ considers the objective medical evidence and other evidence of symptoms, including (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication taken to alleviate the symptoms; (5) treatment to relieve the symptoms, other than medication; (6) any measures the claimant has used to relieve the symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions relating to the symptoms. §§ 404.1529(c)(2) through (c)(3) & 416.929(c)(2) through (c)(3).

The ALJ must evaluate the claimant's statements about the intensity, persistence, and limiting effects of his symptoms in light of the objective medical evidence and any other evidence. §§ 404.1529(c)(4) & 416.929(c)(4). The ALJ must consider whether there are any inconsistencies within the claimant's statements or conflicts between the claimant's statements and the evidence. §§ 404.1529(c)(4) & 416.929(c)(4). When the claimant's statements are internally consistent and consistent with the evidence, there is a strong indication that the claimant is credible. Social Security Ruling (SSR) 96-7p, 1996 WL 374186, at *5-*6. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id. at *4.

8

In the present case, the magistrate judge acknowledged that the ALJ had failed to use the word credibility in her decision, but it was clear that she found an inconsistency between the plaintiff's subjective complaints and the objective medical evidence. Francis, 2010 WL 3432839 at *4. [Doc. #17, p. 10] The magistrate judge concluded that it was sufficient for the ALJ to have implicitly found that the medical evidence outweighed the plaintiff's testimony, and therefore no further articulation was necessary. Id. [Doc. #17, pp. 10-11] The plaintiff argues that an implicit credibility finding is legally insufficient.

As the Court explained above, the ALJ's credibility assessment must be supported by the evidence and specific enough to permit the court to review it. SSR 96-7p, 1996 WL 374186, at *4. The plaintiff has not cited any law requiring the ALJ to use particular words or to write a minimum number of sentences or paragraphs. The United States Court of Appeals for the Second Circuit has offered guidance in the similar context of administrative proceedings in labor relations matters: "[I]mplicit credibility resolutions are appropriate where an ALJ's treatment of the evidence is supported by the record as a whole. . . . [S]ee Abbey's Transp. Servs., Inc. v. N.L.R.B., 837 F.2d 575, 580 (2d Cir. 1988) (finding that ALJ 'obviously discredited' a witness where he did not do so explicitly) . . . ." N.L.R.B. v. Katz's Delicatessen of Houston St., Inc., 80 F.3d 755, 765 (2d Cir. 1996).

Furthermore, a district judge in another court in this circuit has already found the magistrate judge's discussion of the credibility issue persuasive, as

demonstrated by the district judge's citation of it in three cases. See Hanlon v. Commissioner, Docket No. 5:07-cv-747 (FJS), 2010 WL 5285311 at *5 (N.D.N.Y. Dec. 17, 2010) (("[W]here an ALJ assesses a plaintiff's subjective statements of pain in light of medical evidence that indicates that the plaintiff can work and finds that the plaintiff's statements cannot overcome the medical evidence to the contrary, 'there is no need for further articulation by the ALJ regarding the plaintiff's credibility.' ") (citing Francis, 2010 WL 3432839 at *4)); Latante v. Astrue, Docket No. 7:06-cv-722 (FJS), 2010 WL 5287504 at *8 (N.D.N.Y. Dec. 17, 2010) (same); Al-Shimary v. Commissioner, Docket No. 3:06-cv-1554 (FJS), 2010 WL 5237852 at *5 (N.D.N.Y. Dec. 16, 2010) (same).

There is no doubt in the present case that the ALJ found an inconsistency between the plaintiff's testimony and the medical evidence. The plaintiff testified that he was unable to work, but the medical evidence indicated the opposite. In part II-A of this opinion, the Court concluded that the ALJ's analysis of the medical evidence was supported by the record. Therefore, pursuant to Katz's Delicatessen, the ALJ's implicit credibility finding was legally sufficient. The plaintiff's third objection is overruled.

## III. CONCLUSION

The plaintiff's objections are overruled, and the Court adopts the magistrate judge's recommended ruling. The plaintiff's motion to reverse [Doc. #12] is DENIED and the Commissioner's motion to affirm [Doc. #15] is GRANTED. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

        /s/
_____
**Vanessa L. Bryant**
**United States District Judge**

Dated at Hartford, Connecticut: February 1, 2011.